IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TODD ARMSTRONG and DONNA ARMSTRONG,<br><br>      Plaintiffs,<br><br>v.<br><br>VINSON FITE; LENORA FITE; and FITE FOUNDATION,<br><br>      Defendants. | Case No. CIV-24-183-D |

# **ORDER**

Plaintiffs, appearing *pro se*, filed this action against Defendants, alleging that Defendants stole their semi-trailer and lawn mower. Upon review of the allegations of the Complaint [Doc. No. 1], the Court is mindful of its "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Marcus v. Kan. Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (quotation marks and citation omitted). Because Plaintiffs are *pro se*, the Court construes liberally Plaintiffs' pleadings and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, regardless of

1

their *pro se* status, Plaintiffs are required to allege facts in their Complaint sufficient to show the Court has subject-matter jurisdiction. *See Harris v. Tulsa 66ers*, 551 F. App'x 451, 451 (10th Cir. Jan. 22, 2014) (unpublished) (noting that a *pro se* plaintiff "must allege facts in his complaint to show that the district court had jurisdiction, such as federal question or diversity jurisdiction.").

In their Complaint, Plaintiffs do not allege facts showing either federal question or diversity jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also* 28 U.S.C. § 1332 (establishing original jurisdiction for all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states."). Plaintiffs did not complete the "basis for jurisdiction" section of their Complaint, leaving unanswered: whether Plaintiffs alleged federal question or complete diversity as their basis for jurisdiction; the specific federal statutes, federal treaties, and/or provisions of the United States Constitution at issue in their case; the alleged citizenship of the parties for diversity purposes; and the amount in controversy [Doc. No. 1, at 3]. Plaintiffs also failed to provide a statement of their claim(s) and any relief sought [Doc. No. 1, at 4].

Nor do the various documents attached to Plaintiffs' Complaint reflect that this Court has subject-matter jurisdiction over Plaintiffs' action. Plaintiffs do not allege that their claims with respect to their semi-trailer and lawn mower arise under any federal statute, treaty, or provision of the United States Constitution. Nor do Plaintiffs' exhibits show that diversity jurisdiction is proper. In fact, it appears from Plaintiffs' exhibits that

both Plaintiffs and Defendants are Oklahoma citizens [Doc. No. 1, at 1; Doc. No. 1-3, at 1]; and the amount in controversy falls well below the $75,000 threshold for diversity jurisdiction [Doc. No. 1-3]. Specifically, the Small Claims Affidavit attached as Plaintiffs' Exhibit 3 reflects that Plaintiffs previously filed a small-claims action against Defendants in Greer County District Court, Case No. SC-24-1, in which Plaintiffs allege that Defendants are in wrongful possession of their semi-trailer and lawn mower, and the value of said property is $6,500.00 [Doc. No. 1-3]. Accordingly, the Court finds that no factual basis for subject-matter jurisdiction is apparent from Plaintiffs' Complaint [Doc. No. 1].

**IT IS THEREFORE ORDERED** that Plaintiffs shall file an amended complaint, which must properly allege facts showing that this Court has subject-matter jurisdiction, within fourteen days from the date of this Order. If an amended complaint is not timely filed, this action will be dismissed without prejudice and without further notice.

**IT IS SO ORDERED** this 22nd day of February, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge